**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**MICHAEL KEITH,**                                                                                          **PETITIONER**
Reg. # 30911-018

VS.                                     NO. 2:10CV00113 DPM-BD

**T.C. OUTLAW, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                        **RESPONDENT**


**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr.  Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   Introduction

Petitioner Michael Keith is currently serving a one-hundred-fifteen-month sentence at the Federal Correctional Complex ("FCC"), Forrest City, Arkansas. Mr. Keith challenges the manner in which the Bureau of Prisons ("BOP") has calculated his sentence. (Docket entry #2 at pp. 8-9)  Specifically, Petitioner claims he is entitled to receive credit on his federal sentence for time he served on a state sentence.

The Respondent contends that Petitioner has failed to exhaust his administrative remedies and that, even if he had exhausted, the BOP has calculated Petitioner's sentence correctly under 18 U.S.C. § 3585(b)(2). (#8)  For the reasons set forth below, the Court recommends that the District Court dismiss the petition.

## III.   Background

An officer with the Orange County, Florida, Sheriff's Office arrested Petitioner on January 15, 2002. He was charged with aggravated assault, resisting an officer without violence, possession of a weapon by a convicted felon, and criminal mischief. (#8-1 at p. 8)  On November 15, 2004, Petitioner pled guilty to aggravated assault in Orange County Circuit Court Case No. 02-665CF.  The court sentenced him to four years in prison with credit for 1,025 days served. (#8-1 at p. 8)

On February 10, 2005, the United States District Court for the Middle District of Florida issued a writ of habeas corpus *ad prosequendum* for the United States Marshal to take physical custody of Petitioner from the State of Florida so that he could attend an initial appearance on criminal charges pending against him stemming from his January 15, 2002 arrest. On February 22, 2005, the Marshal took physical custody of Petitioner pursuant to the writ. The District Court arraigned Petitioner on federal charges on February 24, 2005. On December 7, 2005, Petitioner pled guilty to one count of possession of a stolen firearm. (#8-1 at p. 13)

On December 17, 2005, while awaiting sentencing in the District Court and while still in the physical custody of the Marshal pursuant to the writ of habeas corpus *ad prosequendum*, Petitioner was paroled from his state sentence. (#8-1 at p. 20)

On February 10, 2006, the District Court sentenced Petitioner to one hundred fifteen months in the BOP, "to run concurrent with the sentence imposed in State Court case No. 02-665CF imposed on November 15, 2004." (#8-1 at p.14)

The BOP has awarded Petitioner credit for the time he served from December 18, 2005, the day after he was paroled from his state sentence, until February 9, 2006, the date before he began serving his federal sentence. (#8-1 at p. 23)

**IV.   Analysis**

    A.   *Exhaustion of Administrative Remedies*

Respondent contends Petitioner failed to exhaust his administrative remedies. Prisoners are generally required to exhaust their administrative remedies before filing a petition pursuant to 28 U.S.C. § 2241.  See *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000).  However, exhaustion is not required if it would be futile.  *Thurman v. Sanders*, No. 2:06CV00114-SWW-HDY, 2006 WL 2372493 at *2 (E.D. Ark. Aug. 14, 2006) (citing *Ortiz v. Fleming*, 2004 WL 389076 (N.D. Texas 2004)).

Under 28 C.F.R. § 542.13(a), an inmate aggrieved by an action of the BOP must first present the issue informally to staff.  If he or she is dissatisfied with the result of the informal process, the inmate may then pursue a three-step formal grievance process.  In the formal process, the prisoner appeals to the Warden, then to the Regional Director, and finally to the Office of General Counsel.  A prisoner's administrative remedies are not exhausted until his grievance has been filed and denied at each step.  See *Thurman,* 2006 WL 2372493 at *2.

In this case, Petitioner completed the informal grievance process and filed an appeal with the Warden (No. 534502) on April 15, 2009.  The Warden denied Petitioner's request for additional credit for time served on his state sentence on April 27, 2009.  (#2 at p. 10)  After receiving the Warden's response, Petitioner pursued an appeal with the

Regional Director who received the appeal on July 27, 2009. On August 28, 2009, the Regional Director denied Petitioner's appeal. (#8-1 at p. 32)

Regarding his failure to exhaust, Petitioner claims that he never received a response to the merits of his appeal from the Central Office, and the Central Office should not have deemed his appeal untimely when his Unit Manager had asked for additional time to respond on his behalf. (#2 at p. 13) In support of his argument, Petitioner attaches to his complaint a Central Office Administrative Remedy Appeal in No. 534502-A1 dated September 24, 2009, and an October 14, 2009, letter from his Unit Manager to the Central Office asking for an extension of time for Petitioner to "complete his response" to the administrative remedy in case no. 534502-R2. (#2 at p. 24-25) In response, the BOP submits its records, which indicate the Central Office did not receive Petitioner's appeal of the Regional Director's response to appeal No. 4534502 until January 26, 2010, and, therefore, notified Petitioner on March 4, 2010, that it was denying his appeal as untimely. (#2 at p. 26, #8-1 at p. 33)

Because the parties have submitted conflicting evidence on the exhaustion issue, the Court cannot find with certainty that Petitioner has not exhausted his administrative remedies. Accordingly, a discussion of the merits is warranted. See *Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir. 2007), cert. denied, 552 U.S. 1121 (2008) (a court may address the merits of a petition despite alleged failure to exhaust administrative remedies

because the "exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional").

B.   *Sentence Credit*

Petitioner is challenging the manner in which Respondent is calculating his sentence. Specifically, Petitioner claims the BOP should compute his sentence to give him credit for time he served on his state sentence from his arrest on January 15, 2002, until the District Court imposed its sentence and entered judgment on December 17, 2005. (#2 at p. 14) Respondent argues it has appropriately calculated Petitioner's sentence under 18 U.S.C. § 3585. (#9 at pp. 3-4)

Whether a prisoner who committed a federal offense receives credit for time spent in custody is governed by 18 U.S.C. § 3585. *Kendrick v. Carlson*, 995 F.2d 1440, 1444 n. 3 (8th Cir. 1993). The statute provides:

> Calculation of term of imprisonment
>
> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has *not been credited against another sentence*.

18 U.S.C. § 3585 (emphasis added). The Attorney General, through the BOP, has the authority to award credit under section 3585(b) for time served. *United States v. Wilson*, 503 U.S. 329, 333-36, 112 S.Ct. 1351 (1992).

Petitioner began serving his state sentence on November 15, 2004. Authorities for the State of Florida awarded Petitioner credit toward his sentence for time served from the date of his arrest on January 15, 2002, through November 14, 2004, the day before he was sentenced. (#8-1 at p. 8) Petitioner continued to receive credit for time served on his state sentence while he was "on loan" to federal authorities on a writ of habeas corpus *ad prosequendum* until he was paroled from his state sentence on December 17, 2005. (#8-1 at p. 20) Because Petitioner received credit on his state sentence from January 15, 2002 through December 17, 2005, under the applicable statute Petitioner cannot also receive credit toward his federal sentence for the same time served. See *United States v. Wilson*, 503 U.S. at 337 (in enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time"); see also *Potwin v. Sanders*, 231 Fed. Appx. 538, 539 (8th Cir. 2007) (unpub.) (federal inmate not entitled to credit where "time at issue had been credited by the State of Texas to his state parole-violation sentence and may not be double counted"); *United States v. Kramer*, 12 F.3d 130, 132

(8th Cir. 1993) (federal defendant not entitled to credit for time spent in state custody where he received credit against his state sentence for that period).

Petitioner also claims he is entitled to credit toward his federal sentence for time he served from February 22, 2005, until December 17, 2005, because he was in the custody of the United States Marshal. Petitioner misunderstands his status. Petitioner was transferred to temporary federal custody on February 22, 2005, under a writ of habeas corpus *ad prosequendum* until December 18, 2005, the day after he was paroled from his state sentence and was turned over to the primary custody of federal authorities.

A writ of habeas corpus *ad prosequendum* does not alter a prisoner's custody status, but rather merely changes the location of the custody. *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994). When an inmate is transferred under a writ of habeas copus *ad prosequendum*, "[p]rimary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign." See *United States v. Cole*, 416 F.3d 894, 896-897 (8th Cir. 2005) (citations omitted)(primary jurisdiction is generally determined by the sovereign that first obtains custody of, or arrests, the person and continues until the first sovereign relinquishes its priority by releasing the person on bail, dismissing the charges, granting parole, or the expiration of the sentence).

Consequently, Petitioner remained in the primary custody of Florida authorities until he was released on parole, and the time Petitioner served was properly credited toward his state sentence, and not toward his federal sentence. See *Baker v. Tippy*, 230

F.3d 1362, 2000 WL 1128285 (8th Cir. 2000) (unpub. Table op.) (affirming district court's conclusion that petitioner was not entitled to credit for time between his transfer to federal authorities on a writ of habeas copus *ad prosequendum* and the date his state sentence expired).

Finally, Petitioner claims he is entitled to credit for time served on his state sentence, because, in the judgment, the District Court ordered his sentence to be served concurrent to his state sentence.[1] This argument fails, however, because the State of Florida had released Petitioner on parole before the District Court sentenced Petitioner. BOP Policy Statement 5880.28 provides, "if release from the non-federal sentence occurs prior to the commencement of the federal sentence, then any non-federal presentence time awarded on the state sentence shall not be applied to the federal sentence." PS 5880.25 at p. 1-22 (February 14, 1997); see also *U.S. v. O'Hagan*, 139 F.3d 641, 656-57 (8th Cir. 1998) (federal sentencing guidelines do not allow court to grant credit for time served on an expired sentence imposed for the same conduct underlying the offense for which the defendant is being sentenced). Here, Petitioner had already been paroled on his state sentence before the District Court sentenced him. Accordingly, he could not serve the

---

[1] Petitioner filed a motion with the sentencing court requesting that it amend its judgment *nunc pro tunc* to give him credit for the time her served on his state sentence. The Court denied the motion by order dated September 3, 2008. *U.S. v. Keith*, Case No. 6:02cr65 at 1 (Sept. 3, 2008)

sentences concurrently and is not entitled to credit on his federal sentence for any of the time he served on his state sentence.

## V.     Conclusion

Petitioner's challenge to the Respondent's computation of his federal sentence is without merit. Accordingly, the Court recommends that the District Court dismiss Michael Keith's petition for writ of habeas corpus in its entirety, with prejudice.

IT IS SO ORDERED this 18th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE